Spear, J.
The grounds of reversal by the circuit court were that the finding below is not supported by the evidence, and that the finding is contrary to law. There being no evidence offered in contradiction of that given by plaintiff, the record presents no question as to conflict of evidence, but *144 only questions of law, and these relate to the construction and legal effect of the two ordinances. It was the opinion of the circuit court that the first ordinance is defective in that it does not state and fix any specified time within which the lighting shall be done by the Company.
Authority to require lighting is given by the Revised Statutes, sections 2494 to 2499, inclusive. Pertinent provisions are to the effect that, whenever the council deems it necessary that any such railway line be lighted, it shall pass an ordinance for that purpose, requiring the Company to so light within a specified time. The ordinance shall specify the manner in which the railway shall be lighted, the number and style of posts, electric lights or other lights and fixtures, and the time such lights shall be kept burning in each twenty-four hours. Notice of such requirement shall be given at least twenty days before any penalty or charge shall be imposed for default. If the Company neglect to do such lighting in conformity with the ordinance for twenty days after notice, the council may immediately proceed to cause the lighting to be done at the expense of the Company; it may direct the manner in which the expense shall be assessed and collected, and when assessed, the amount shall be a debt due against, and shall be a lien to be enforced upon the real estate of the Company within the county, and the charge may be collected or the lien enforced in the manner pointed out in the chapter providing for the assessment of damages and expenses for making public improvements. This statute has been held to be a valid exercise of the police power by this court in Railroad Co. v. Sullivan, 32 Ohio St., 152. So that the question *145 here is as to the validity ot the acts of the village council under this authority.
By the first section the ordinance requires the Company to light its line at street crossings within the Village with electric light in the same manner that the streets are lighted therewith, and with poles, lamps and fixtures of the same kind, the lamps to be constructed in all respects like the lamps now used to light the streets of the Village, and the lamps to be kept burning during’ the hours between the hour of darkness and the hour of daylight on each and every day. The second section (the portion of the ordinance held to be insufficient), is as follows: ‘ ‘That the work of lighting said railway shall be done under the supervision and to the satisfaction of the lighting committee, and the village clerk is hereby instructed and directed to cause due notice to be given to said Company of the passage of this ordinance by delivering a copy of this ordinance according’ to law, and in case said Company shall fail to comply with the requirements of the same for the period of twenty days from the delivery of said notice, then said lighting committee is hereby directed to cause said lamps to be so suspended, poles erected and lighting to be done as hereinabove set forth, the cost thereof to be assessed on the property of said company according to law, or to be collected as directed by law.”
The ordinance is not penal. It is not for the punishment of offenses, and is not, therefore, to be subjected to the rule of strict construction. It relates to the comfort, safety, convenience, and good order of the Village, and is to be given a reasonable construction. Undoubtedly it must be reasonably certain in its requirements, but no set form of *146 words is necessary in its provisions. If, with reasonable definiteness, it prescribes the time within which the lighting shall be done, that is sufficient. And to determine that, the entire ordinance is to be considered. The first section definitely enjoins the duty of lighting. It also fixes the hours as ‘ ‘from the hour of darkness to the hour of daylight on each and every day.” The second section provides for the giving of notice to the Company of the passage of the ordinance and that in case it fails to comply within twenty days from the service of notice, then the proper committee is to cause the lighting to be done; and the cost is to be assessed and collected as directed by law. Why are not these provisions, taken together, a sufficient specification as to time within which the lighting must be done? No reasonable person could doubt that the lighting was required; that it was to be commenced within twenty days after notice of the passage of the ordinance, and that it was to be maintained between the hours of darkness and daylight. This would seem to be sufficient to inform the Company what was to be done, how it was to be done, and when it was to be done, and to hold otherwise, would, we think, be to give an unreasonable construction to the ordinance. It is proper to add that an ordinance similar in this particular to the one in question was under review in the case of Railroad Co. v. Sullivan, supra. The contention here insisted upon does not appear to have been distinctly made by the eminent counsel appearing for the railroad company, but it counts for something that the court found no defect in the ordinance in this respect. Scott, J., in the opinion, after citing the statute, observes that “so far as we can discover, *147 the ordinance strictly follows and in no way transcends the powers conferred.”
It is insisted that a requirement to do the lighting upon twenty days’ notice is unreasonable. We think not necessarily so. The statute gives authority for just that notice, and then, in case of neglect, authority to council to immediately proceed to have the lighting done. The language of the ordinance indicates that, at the time of its passage, the streets of the village were being lighted by electricity, as in fact they were, and this was being done by an electric light plant. It does not appear but that what the village was procuring for its streets, the Company could have obtained for its crossings.
It is insisted further that the assessing ordinance is invalid because passed before any considerable part of the lighting had been done. This implies that the municipality must go forward and expend its own ■ money for lighting, and cannot ascertain or fix the expense until after such lighting has been done. The point is not well taken. There is nothing in the nature of the ease to prevent the cost being ascertained at any time, and when that has been done, the assessing ordinance may be passed. The statute itself provides that the council may direct the manner in which the expense of lighting shall be assessed and collected, and the action taken was not an unreasonable exercise of that power.
Nor is there force in the proposition that there was no proof showing what the expense of lighting was. The statute in terms authorizes the council to assess the expense, and when so assessed the amount shall be a debt due, and the passage of such an ordinance implies that the cost had been *148 ascertained. The presumption attaches that the action of the council was regular and legal, and, until attacked by proof to the contrary, the amount assessed will be presumed to be the proper amount. The suit was not brought until after the lighting had been done, and there was abundant opportunity, had the fact existed, for the Company to show that the amount assessed was unreasonable, or for any reason was in excess of the true amount.
We find no error in the judgment of the court of common pleas. It ^follows that the judgment of the circuit court should be

Reversed.